# Richmond

GEORGE G. TYLER, CLERK, ETC. v. E. R. COMBS, COMPTROLLER.

January 12, 1933.

Present, All the Justices.

Reheard, Richmond, March 30, 1933.

The opinion states the case.

*Robert A. Hutchison,* for the petitioner.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the respondent.

EPES, J., delivered the opinion of the court.

This is a petition for mandamus filed originally in this court by George G. Tyler, clerk of Prince William county, and as such clerk of the circuit court thereof, against E. R. Combs, Comptroller of the Commonwealth of Virginia. The prayer of the petition is that a writ of mandamus may be issued requiring the Comptroller to issue his warrant for the payment to the petitioner, out of the State treasury, of $81 with interest from December 28, 1931, which the petitioner claims to be due to him for recording a list containing 810 tracts of land, returned by the treasurer of Prince William county, as of June 15, 1931, as being delinquent for the non-payment of taxes, *i. e.,* county levies.

The case is submitted on the petition and the demurrer thereto, and the brief of the Comptroller supplying certain defects in the allegations of the petition and agreeing that the case shall be heard as if the petition contained the allegations supplied by it.

Since prior to the Code of 1873 the treasurer of the county has been required to make out each year three lists of taxes which cannot be collected: "First, a list of property on the assessor's or commissioner's land book, improperly placed thereon or not ascertainable, with the amount of taxes charged on such property; *secondly, a list of other real estate which is delinquent for the non-payment of the taxes thereon;* and thirdly, a list of such of the taxes so assessed, other than on real estate, as he is unable to collect." (Italics ours.) Code 1873, ch. 37, section 12; Code 1887, section 605; Code 1919, section 2414; Tax

Code of Virginia, section 387 (Acts 1928, ch. 45, p. 35). The quotation above made is from the Code of 1873. There have been some slight changes in verbiage from that time to the present, but none which are material to the questions here in issue.

Since 1885 the treasurer has been required annually to make sale of the tracts of land returned by him as delinquent, if the taxes have not been subsequently paid thereon. Such sale is made six months or more after the delinquent list above mentioned has been returned; and after the sale the treasurer is required to make out two lists of land sold by him for delinquent taxes, (1) that sold to persons other than the Commonwealth, and (2) that sold by him to the Commonwealth.

The petitioner claims to be entitled to receive payment out of the State treasury of the sum mentioned in his petition by virtue of clause 42 of section 3484, Code of Virginia, 1919, as amended by Acts 1920, ch. 481, p. 803; and concedes that if this clause in this section does not entitle him to such payment, there is no other statutory provision which does. Section 3484 is the section which prescribes the fees which clerks of courts are entitled to receive, and clause 42 thereof reads as follows:

"For each tract of land entered in the *delinquent land book,* to be paid out of the State treasury, ten cents." (Italics ours.)

The contention of the Comptroller is that clause 42 of section 3484 has never had any application to the entry (recordation) of the list of delinquent real estate; that its application has always been confined to the entry (recordation) of the lists of lands sold for delinquent taxes; and that it has been repealed by implication by the provisions of the Tax Code of Virginia (Acts 1928, ch. 45, p. 35), segregating real estate for local taxation only.

Prior to the Acts of 1883-84 there was no provision in the statute law of Virginia requiring the clerk of the court to record in a book either the list of delinquent real

estate or the lists of sales of delinquent real estate. The originals of all these lists were preserved in the clerk's office of the county court without recordation; and they were recorded in books only in the office of the Auditor of Public Accounts. Code 1873, chs. 37-38; Acts 1874, p. 386; Acts 1883-84, p. 730.

An act approved March 19, 1884 (Acts 1883-84, ch. 560, p. 744), provided that the treasurer should each year return to the clerk's office of the county court a statement showing the several tracts of land returned by him as delinquent for said year, "which said statement the clerk of said court shall record *in a book kept* for the said purpose properly indexed." (Italics ours.) Neither this act nor any other statute prior to the act next below mentioned, so far as we have been able to ascertain, allowed the clerk any fees for the service required by this act.

By act approved November 27, 1889 (Acts 1884, ch. 137, p. 131), it was provided as follows:

"The several clerks of the county and corporation courts of this Commonwealth, for the services imposed upon them by an act approved March nineteenth, eighteen hundred and eighty-four, entitled an act to provide for the more effectual and expeditious collection of taxes on delinquent lands, shall be entitled to receive the following fees: *For every tract of land recorded in his office, a fee of ten cents, to be paid out of the State treasury.* For making statement, calculating interest, and receiving payment of the taxes on any tract of land, a fee of fifty cents to be charged to the party redeeming the land." (Italics ours.)

Section 18 of the act entitled "An act for the annual sale of lands returned delinquent after the year 1884" (Acts 1885-86, ch. 261, p. 280) provided as follows:

"18. The Auditor shall issue his warrant on the treasury for the fees of the treasurer, clerk and printer, on all sales of land to the Auditor for the State and county; said fees to be as follows, viz: Printer's fee of five dol-

lars for printing notices, treasurer's and *clerk's fee, each fifty cents for each tract, parcel or lot of land.*" (Italics ours.)

By Acts 1885-86, ch. 367, p. 410, sections 15 and 28 of ch. 38, Code 1873, were amended so as to provide that the treasurer should return both the list of land sold by him to others than the Commonwealth, and the list of land sold by him to the Commonwealth, to the county court, which was required to examine said lists. As amended by this act, section 15 related to the list of sales of land to persons other than the Commonwealth, and section 28 related to the list of lands sold to the Commonwealth. These sections, as amended by the Acts of 1885-86 read in part as follows:

Section 15.—" * * * If the court see no cause to doubt the correctness of the list, it shall order a copy thereof to be certified to the Auditor of Public Accounts, and *the original to be recorded in a well-bound book, properly indexed, to be preserved in his office.*" (Italics ours.)

Section 28.—"* * * A list of the real estate so purchased by the Commonwealth, shall be made out by the treasurer, and attached thereto a list of the lands sold of which the Commonwealth has heretofore been the purchaser; * * *. After it shall have been verified by him, on oath, the court of his county or corporation shall direct its clerk to transmit a copy thereof to the Auditor of Public Accounts, *and to record the original in a well bound book, properly indexed, to be preserved in his office; and for such record, and the record required by the fifteenth section, said clerk shall receive the same compensation now provided by law for recording delinquent lands; such compensation to be paid equally out of the State and county treasuries.*" (Italics ours.)

Thus stood the law at the time the Code of 1887 was enacted; and it is plain that for recording *both* the list of delinquent real estate taxes *and* the lists of land sold to persons other than the Commonwealth and to the Common-

wealth, the clerk was entitled to a fee of ten cents for every tract of land recorded. But his fee for recording the list of delinquent real estate taxes was to be paid wholly out of the State treasury; while on the other hand his fee for recording the lists of sales of delinquent taxes was "to be paid equally out of the State and county treasuries."[1]

Chapter 560, Acts 1883-84, page 744, requiring the clerk to record the list of delinquent real estate taxes was carried into the Code of 1887 as section 611, and into the Code of 1919 as section 2428. When the Tax Code of 1928 (Acts 1928, chapter 45, page 35) was enacted, section 2428, Code 1919, was expressly repealed, but was replaced by section 390.

The language of section 2428, Code 1919, which is the same in all particulars here material as that of section 611, Code 1887, reads as follows:

"Section 2428.—The clerk of the circuit or corporation court shall *record in a book, to be kept for the purpose,* the list of real estate delinquent for the non-payment of taxes and levies thereon, mentioned 'secondly' in section twenty-four hundred and fourteen, and index the same in the name of the persons against whom such taxes and levies are assessed." (Italics ours.)

The pertinent part of section 390 of the Tax Code of Virginia (Acts 1928, chapter 45, page 35) reads as follows: "And such clerk shall record such list" (*i. e.,* the list of real estate which is delinquent for the non-payment of taxes and levies) "in a book, to be kept for the purpose." It is to be noted that in section 611, Code 1887, section 2428, Code 1919, and in section 390 of the Tax Code no name is assigned to the book in which the list of delinquent real estate taxes is to be recorded.

---

[1] Chapter 367, Acts 1885-86, pp. 410, 413, contained a provision repealing "all acts and parts of acts inconsistent with this act;" but it is not necessary here to inquire whether it repealed the provision of section 18, ch. 261, pp. 280, 285, entitling the clerk to receive a fee of fifty cents per tract of land sold to the Commonwealth.

Section 611, Code 1887, made no provision for the payment to the clerk of any fee for the services thereby required; nor does section 2428, Code 1919, or section 390 of the Tax Code provide for the payment of any fee for the service therein required; and the act of 1884 (Acts 1884, chapter 137, page 131) was not reenacted as a separate section. But in section 3505, Code 1887, relating to fees allowed to clerks of courts, this provision is incorporated: "For each tract of land entered in the *delinquent land book,* to be paid out of the treasury ten" (cents). (Italics ours.) This provision was carried without change into the Code of 1919, as clause 51, section 3484. By Acts 1920, chapter 481, page 803, the number of clause 51, section 3484, was changed to "forty-two," and the clause amended to read, and now reads: "For each tract of land entered in the *delinquent land book,* to be paid out of the *State* treasury, ten cents." (Italics ours.)

The portion of section 15, chapter 38, Code 1873 (as amended by the Acts of 1885-86) above quoted, was carried into the Code of 1887 as section 645, and has remained in the Code unchanged until the present time and now occurs as section 2469, Code 1919. This section reads:

"The court, if it finds said list[2] to be correct, or having corrected the same when there is error, shall confirm the report and order it to be recorded and properly indexed in a book kept for the purpose, and to be known as *'The Delinquent Land Book.'*" (Quotations original, italics ours.)

The portion of section 28, chapter 38, Code 1873 (as amended by the Acts of 1885-86), above quoted, was carried into the Code of 1887 in section 662, but changed to read as follows: "If the court finds said list" [*i. e.,* list of land purchased by the Commonwealth] "to be correct, or having corrected the same * * * it shall confirm the same and direct its clerk to transmit a copy thereof to the Auditor of Public Accounts, and a copy to the board of supervisors of the

---

[2]That is, the list of lands sold for delinquent taxes and levies to persons other than the Commonwealth.

county, * * *. The original shall be recorded by the clerk in the *'Delinquent Land Book,' for which he shall receive a fee of one dollar.''* (Quotations original, italics ours.)

The language quoted from section 662, Code 1887, was carried unchanged into section 2489, Code 1919, and remained unchanged until 1930, when the pertinent part thereof was changed by Acts 1930, chapter 363, page 796, to read: "The original shall be recorded by the clerk in the *'Delinquent Land Book,' for which he shall be paid in accordance with the provisions of section 2501 of the Code of Virginia.''* (Quotations original, italics ours.)

Section 18, chapter 261, Acts 1885-86, was carried into the Code of 1887, as section 669, but changed to read as follows:

"The Auditor shall issue his warrant on the treasury for the fees of the treasurer, clerk, and printer, on all purchases in the name of the Auditor for the benefit of the State, and county, city, or town; said fees to be paid as follows: Printer's fee, five dollars for printing notices, treasurer's fee, twenty-five cents for each tract, parcel, or lot of land, and *clerk's fee five cents for each tract, parcel, or lot of land.''* (Italics ours.)

Section 669 was amended by Acts 1893-94, chapter 340, page 404, but the language with reference to clerk's fees was not changed. As amended by Acts of 1893-94, it was carried into the Code of 1919 as section 2501, and remained unchanged until 1930.

By Acts 1930, chapter 363, page 797, section 2501, Code 1919, was amended to bring it in line with the provisions of the Tax Code (Acts 1928, chapter 45, page 35) segregating real estate for local taxation only; and as so amended reads:

"The fees of the treasurers and clerks for all services rendered by them in connection with the sale of delinquent real estate which is purchased in the name of the Comptroller for the benefit of the county, city, or town, shall be twenty-five cents to the treasurer and *ten cents to the clerk,*

*for each lot, tract or parcel of land so purchased, which shall,* together with a reasonable fee to the printer for print‑ing notices, *be paid out of the treasury of the counties, towns and cities, respectively."* (Italics ours.)

It is to be noted that in all the sections of the Code of 1887 and 1919, and of the Tax Code of Virginia, above cited, which provide for the recordation of the lists of tracts of land sold for delinquent taxes, it is provided that the recordation shall be made in the "Delinquent Land Book"; but that on the other hand no name is designated for the book in which the clerk is required to record the list of real estate returned delinquent for the non-payment of taxes. It further appears that by custom the book in which the last list above mentioned is recorded is commonly known as the "Delinquent Tax Book" to distinguish it from the book denominated by the statutes "Delinquent Land Book."

The pith of the contention of the Comptroller is that the words "delinquent land book," as used in section 3505, Code 1887, and section 3484, Code 1919, are used in their technical sense as meaning the book in which the lists of real estate sold for delinquent taxes are required to be recorded; and have no application to the unnamed book in which the list of real estate returned delinquent for non-payment of taxes is required to be recorded.

In the light of the history of the several statutory provisions above set forth we do not agree with this con‑tention. It is clear that at the time the Code of 1887 was enacted the clerk was entitled to a fee of ten cents per tract of land for recording the list of delinquent real estate as well as the lists of sales of delinquent real estate; and that the fee was originally applicable only to the recordation of the list of delinquent real estate. It is clear, we think, that the General Assembly, by the codification of the law by the Code of 1887, did not intend to change the existing law so as to retain the provision for a fee for recording the lists of sales of delinquent lands, but repeal the provision for recording the list of delinquent real estate. Nor do we find

anything in the mutations of the laws prior to 1928 which we think can properly be construed to mean that the General Assembly meant to do so.

It seems to be admitted that from 1887 to 1928 the Auditor of Public Accounts uniformly construed what is now clause 42 of section 3484 as entitling the clerk to a fee for recording both the list of delinquent taxes and the lists of sales for delinquent taxes.

In so far as clause 42 of section 3484 applies to the recordation of the list of real estate purchased by the Comptroller for the benefit of the localities (which corresponds to the purchase thereof by the Commonwealth formerly provided for by section 2489), it is clearly repealed by implication by section 390 of the Tax Code. It may have been an oversight upon the part of the General Assembly not to have expressly repealed it in so far as it applied to the recordation of the list of real estate returned delinquent for the non-payment of taxes (*i. e.,* local levies), but it did not do so, and we think it would be carrying the doctrine of repeal by implication entirely too far to hold that it had impliedly done so by the segregation of real estate for local taxation only.

It would have been very fitting for the Geenral Assembly to have placed the whole burden relating to the collection of local levies upon the localities when it segregated real estate for local taxation only. It could do so or not as it saw fit, but it has not done so.

The mandamus will be issued as prayed for, except that it will not order the Comptroller to pay interest on the principal amount involved.

### Upon Rehearing.

Richmond, March 30, 1933.

Per Curiam.

In the opinion handed down in this cause at the January term of this court we held that, under sec-

tion 3484 of the Code, the Commonwealth is liable for the payment of the fees allowed by statute to a court clerk for recording the lists of real estate which are returned by county treasurers as being delinquent for the non-payment of taxes; and an order was entered directing that a mandamus issue requiring E. R. Combs, Comptroller, to issue his warrant for the payment out of the State treasury to George C. Tyler, clerk, of the fees due him for recording the list of delinquent real estate returned by the treasurer of Prince William county in 1931. After that order was entered, the Comptroller filed his petition for a rehearing, in which *for the first time* it was brought to the attention of this court that the General Assembly of 1932 had made no appropriation for the payment of such fees. Upon an examination of the acts of the General Assembly of 1932 we find that this is true.

In view of this fact, while we adhere to the holding of the original opinion that the Commonwealth is liable for the payment of these fees, all of the justices are of the opinion that, in the exercise of a sound discretion a mandamus should not be issued in this case.

The judgment heretofore entered will be set aside and the petition of George C. Tyler, clerk, will be dismissed.

*Dismissed.*